**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,
Plaintiff,
v.


1. George Thomas Brokaw,
2. John J. Pawelski,
3. Mimi M. Vigil, and
4. **Clara M. Mueller,**

Defendant(s).

---

**DEFENDANT'S MOTION TO CONTINUE TRIAL SETTING AND RESET THE
MOTIONS HEARING SET FOR APRIL 24, 2014 AND
OTHER CASE MANAGEMENT SETTINGS**

---

Defendant, Clara Mueller, by and through counsel, hereby requests the Court grant a continuance of the trial setting in this matter.  In support, defendant states the following:

General Allegations

1. Defendant is charged with four counts via superseding indictment, Doc. #53.  Ms. Mueller is charged with violating 18 U.S.C. § 286; 18 U.S.C. § 287; 18 U.S.C. 371; § 26 U.S.C. § 7212(a).

2.  Ms. Mueller suffered a stroke a few weeks ago wherein she was found unresponsive

1

on the floor of her home.  As a result of her stroke, Ms. Mueller underwent emergency surgery and is now in the hospital undergoing rehabilitation.[1]

3.  Ms. Mueller is not scheduled to be released from the hospital until April 28, 2014, at the earliest.[2]

4.  At present, Ms. Mueller is not able to use her right arms, right hand, and she has limited movement in her right leg.  In addition, the stroke caused damage to her speech.

5.  Ms. Mueller's sister is currently acting as her medical power of attorney as well as her financial power of attorney.  Upon information and belief, Ms. Mueller's sister is acting as her power of attorney due to the fact that Ms. Mueller is unable, at the moment, to handle her personal affairs due to her stroke.

6.  It is unknown, at present, what is Ms. Mueller's long-term prognosis.  For instance, it is unknown what type of care Ms. Mueller will require after she is released from the hospital and if she will be capable of caring for herself.  It is also unknown to what extent, if any, Ms. Mueller will need additional assistance during a trial.  For instance, if Ms. Mueller is not able to use her right side, arrangements will need to be made to assist her in using the bathroom, eating, and getting to and from court.  None of these arrangements have been made as it is unknown what arrangements will be needed.  Further, counsel does not know if Ms. Mueller will be physically able to sit in court for hours at a time for multiple weeks.

7.  The government has been made aware of Ms. Mueller's current physical condition

---

[1] Counsel has been advised that Ms. Mueller suffered a major stroke and that the full extent of her recovery is going to be unknown for some time.  Much of Ms. Mueller's future (in terms of her health and independence) depends upon whether she regains use of the right side of her body and further that she doesn't have another stroke.

[2] Motions are currently set for hearings on April 24, 2014 at 1:00 p.m.

and is aware that counsel requires a continuance of the trial setting and motions deadlines in order to allow Ms. Mueller to recover so that she can, hopefully, resume assisting counsel.[3]  <u>The government and Ms. Mueller do differ on whether the April 24, 2014 motions hearing should be vacated</u>.  Ms. Mueller is requesting that the only matter heard at the April 24, 2014 motions hearing will be Ms. Mueller's Motion to Continue, whereas the government would like to proceed with the hearing, in total, as scheduled.

8. In addition to Ms. Mueller's physical condition, counsel is in need of reviewing with her the discovery that has been produced by the government from the trial of Mr. Curtiss Morris.  Mr. Morris, listed as C.M. in the charging documents, is an alleged un-indicted co-conspirator.  Mr. Morris is currently serving a sentence in the Bureau of Prisons having been convicted, after a trial, in 10-CR-00317-REB.

9. It is paramount that counsel have adequate time to review the discovery from 10 CR-00317 with Ms. Mueller as Mr. Morris was the individual who prepared and filed Ms. Mueller's 1099-OID tax return.

10.  The discovery from 10-CR-00317-REB was produced by disc to the defense.  It it voluminous.  Further, the government opened the case file from 10-CR-00317-REB to the defense which generated additional discovery.

Legal Basis for the Motion

1.    The Speedy Trial Act of 1974 (Act) allows for a continuance at the request of the defendant or his counsel or at the request of the attorney for the Government, if the

---

[3] Along with the stroke, Ms. Mueller lost sight in her left eye. This happened prior to the stroke. The government was made aware of this incident. Ms. Mueller was in a significant amount of pain. The prognosis of her eye is unknown to counsel. It had been mentioned that if the pain could not be managed, the eye might be removed.

judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

2.   No such period of delay resulting from a continuance granted by the court in accordance with paragraph (7) shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id*.

3.  The factors defendant is seeking this continuance pursuant to the sections found in 18 U.S.C. § 3161(h)(7)(i),(ii) and (iv) :

**(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

**(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

**(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is  not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id*. § 3161(h)(7)(B)(i),(ii) and (iv).

4.   "A moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial.   Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) citing *United State v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007) and *United States v. Gonzales*, 137 F.3d 1431, 1434-35 (10th Cir. 1998).

5.   The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel's conduct must be sufficient so as not to undermined the proper functioning of the adversarial process so that the trial process can be relied on as having produced a just result.  See  *Strickland v. Washington*, 466 U.S. 668 (1984).

<u>Analysis</u>

1. Counsel needs to meet with defendant in order to properly prepare for trial.  In order to be able to meet with Ms. Mueller, Ms. Mueller needs to be out of the hospital and not focused on her recovery.

2. Ms. Mueller's stroke has made it incumbent upon counsel to first ensure that Ms.

Mueller is physically and mentally able to proceed to trial. At present, due to the early stage of her recovery, it is unknown what, if any, permanent damage Mr. Mueller suffered.

3. Since Ms. Mueller had her stroke, contact has been between counsel and Ms. Mueller's sister, as well as with a counselor at the hospital. At this stage in Ms. Mueller's recovery, counsel has made the decision that it is in Ms. Mueller's best interest to focus upon her rehabilitation. Given the information that Ms. Mueller will not be released until April 28, 2014, as well as the severity of the stroke, counsel determined that the first and most important issue facing Ms. Mueller was receiving medical assistance and rehabilitation.

4. Once Ms. Mueller is released from the hospital, counsel anticipates that he will be more able to understand the potential long-term issues facing Ms. Mueller and how those may impact her ability to assist in her own defense and participate in a long jury trial. Counsel will also be able to address whether or not any competency issues exist.[4]

5. Additional time is needed in order to properly review the discovery from 10 CR-00317-REB. It is important that Ms. Mueller be available to consult with and assist counsel concerning this discovery as it pertains to Curtiss Morris who is both an un-indicted co-conspirator and a critical player in the case before the court.

6. Ms. Muller is entitled to focus on her recovery without having to deal with the rigors

---

[4] The defense and government have conferred about Ms. Mueller's long-term prognosis and agreed that both sides will need to address the issue. Both the government and the defense have also agreed that the best course of action is to allow Ms. Mueller to complete her hospital stay and to then address any long-term issues that may or may not be present.

of trial preparation.  Preparing for trial is, at best, stressful.  There is no need to force Ms. Mueller to trial in June.  Significantly, Ms. Mueller, at present, is not able to care for herself with out assistance.  If there is not a change in Ms. Mueller's ability to care for her basic daily functions, counsel will be required to seek added services for her.  At this moment, what, if any, services will be required is not known.

7.  The government has been made aware of both Ms. Mueller's health condition and the substance of this request.  The government does not object to granting a continuance of the trial setting nor does the government object to allowing Ms. Mueller additional time to file pre-trial motions due to her health condition.[5]  <u>The government does, however, want the motions hearing on April 24, 2014 to go forward</u>.  Ms. Mueller is opposed to the hearing of April 24, 2014 proceeding except as to her request to have the Motion to Continue the trial setting ruled upon/heard on April 24, 2012.[6]

8.  This request is not opposed by Ms. Vigil and Ms. Vigil does not oppose vacating the current motions hearing date of April 24, 2014.

9.  Upon information and belief, Ms. Vigil will be filing a similar request for a continuance of the <u>trial setting</u> that is not opposed by any party.

10.  Defendant Vigil joins in the relief requested in this Motion; John Tatum, Counsel for Defendant Vigil, has authorized the undersigned to inform the Court that Mr. Tatum has communicated by phone and/or e-mail with *pro se* defendants Brokaw and Pawelski, and has been authorized to state that neither of them object to a continuance of the trial,

---

[5] Counsel has filed a *James* hearing motion.  Counsel anticipates filing a Motion to Sever.  Counsel wants Ms. Mueller to be physically present at any pre-trial motions hearing.  Counsel needs to discuss certain matters with Ms. Mueller to see if any other pre-trail motions are warranted.

[6] Ms. Mueller wants to be present, in court, except for a hearing on this motion.

but both Mr. Tatum and counsel for Ms. Mueller are unsure as to Mr. Brokaw and Mr. Pawelski's position as to the other relief requested in this motion.

### PRAYER FOR RELIEF

1. Defendant requests the Court grant this Motion for the reasons listed *supra.*

2. Defendant requests one hundred and twenty (120) days be excluded from the speedy trial calculations.

3. Defendant further requests that all pre-trial motion dates and pre-trial conferences be reset. The government, as stated *supra*, is not opposed to the trial being continued, nor to allowing Ms. Mueller (**only**) additional time to file motions, but the government does want the April 24, 2014 hearing to proceed as scheduled.

4. Defendant hereby requests the Court to grant this Motion to Continue Trial Setting. This Motion is made in the interest of justice and does not vex or harass any party. Further, by granting this Motion, Defendant will have her right to effective assistance of counsel, as mandated by the 6th Amendment, protected.

WHEREFORE, Defendant requests the Court to grant her Motion for Continuance of Trial Setting and to vacate the pretrial motions hearing of April 24, 2014, except for any hearing on this motion, and to vacate the current trial settings of June 2, 2014 in order to allow Defendant sufficient time to fully appreciate her physical condition and review the discovery that is recent.

Respectfully submitted and DATED at Denver, Colorado this, <u>8th</u> day of April, 2014.

/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
14143 Denver West Pkwy, Suite 100
Golden, CO 80401
303-907-9516
millller@themillerleonardlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Motion to Continue Trial Setting was delivered, via the ECF system for the District of Colorado to all parties, this 8th day of April, 2014.
And via United States Mail, postage pre-paid, and via e-mail to the following:

George Thomas Brokaw, Pro Se
2260 Palm Drive
Colorado Springs, Colorado  80918
E-mail:  tombrokaw33@msn.com


John Pawelski, Pro Se
6432 Rockville Drive
Colorado Springs, Colorado  80923
E-mail:  johnski9999@gmail.com



<u>/s/ Miller Leonard</u>