**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 13-cr-000392-CMA

UNITED STATES OF AMERICA,
Plaintiff,

v.

#4 CLARA M. MUELLER
Defendant.

---

### UNOPPOSED MOTION TO DETERMINE THE COMPETENCY OF DEFENDANT

---

Defendant Clara Mueller, Defendant #4, by and through counsel, hereby requests the Court enter an Order to determine her mental competency. In support of this motion, defendant states the following:

General Allegations

1. Ms. Mueller is charged in a multi count Indictment with various criminal tax offenses including filing false claims for tax refunds, obstructing the Internal Revenue Service and with conspiracies to commit said offenses. *See*, Indictment, Counts 1, 13, 14 & 18 (Doc. #1, filed 9/23/13 and Doc. #53, filed 10/21/13).

2. Defendant is currently scheduled for a status conference on July 16, 2014.

3. Defendant suffered a stroke in March of 2013. The stroke left defendant with speech issues, right side paralysis, as well as memory issues. Further, defendant's left eye is red, swollen and causes her daily pain. As a result of both the stroke and eye issues,

defendant must take two daily naps, needs assistance to get dressed, use the bathroom, as well as getting to and from places.  Currently, defendant resides in assisted living with 24 hour nursing support.

4.  The government is aware of this request and does not oppose it.  Counsel for Ms. Vigil is aware of this request and of defendant's status.  Upon information and belief, the other two co-defendants are aware of defendant's medical condition but counsel has not contacted them as to their position regarding this motion as the co-defendants do not have standing as to this motion.

5.  Defendant has contacted Dr. Richard Martinez, M.D. who holds the Robert D. Miller Professorship of Psychiatry and Law at the University of Colorado Medical School to determine if he is available to conduct a competency exam of the defendant.  Dr. Martinez has indicated that he is available, depending upon the time line, and that if he is not, one of his fellows would be available.  The government has been informed of Dr. Martinez, given a copy of his C.V., and does not oppose him conducting the competency examination.  (Exhibit 1, C.V. of Dr. Richard Martinez)

6.   Defendant is requesting that this exam be performed by a Medical Doctor as her issues stem from a medical condition - a stroke.

<u>Concerns for Defendant's Competency</u>

7.  Counsel met with defendant on November 26, 2013.  Defendant, who remains in

custody, was unable to effectively communicate with counsel. Defendant exhibited lapses in memory as well as being highly emotional. Defendant's statements and conduct did not follow the logical course of communication. Defendant was unable to tell counsel the reason he was being incarcerated and he was unable, in the opinion of counsel, to understand the nature of his charges as well as the upcoming sentencing procedures.

8. Counsel was made aware of defendant's stroke in March. At the time, counsel communicated with defendant's friends and family until defendant was able to communicate with counsel. Although defendant is able to communicate, both in person and by the telephone, counsel has serious concerns as to the ability of defendant to understand the proceedings and assist counsel.

9. On June 25, 2014, counsel and investigator, Mark Hopko, visited defendant at her assisted living residence in Colorado Springs. Among the observations of both counsel and Mr. Hopko were the following:

a. Upon arriving, defendant was sitting in the lobby of her residence. Defendant did not recognize either counsel nor Mr. Hopko by sight. Defendant was not able to distinguish between counsel and Mr. Hopko until she was told which person was which. Defendant had met with both counsel and Mr. Hopko previously.

b. Defendant was in a wheel chair. She was pushed to the lobby and to her room by a friend. She indicated that while she can walk for brief moments, with the assistance of a cane, she is mostly confined to the wheel chair and that she is a fall risk.

c. Defendant's left eye was visibly red and inflamed. She said that her eye has

glaucoma and that it causes her pain on a daily basis.  The pain ranges from 3 - 5 on a scale of 10 and that whereas she used to read without any trouble, she now either cannot read or reading takes her a tremendous amount of time and effort.

d.  Defendant exhibited impaired memory.  Defendant did not recall previous meeting with counsel, with counsel and Mr. Hopko, nor did she recall Mr. Tatum, counsel for Ms. Vigil.  Further, defendant did not recall substantive details of her case, including the potential range of punishment, discussions revolving around trial strategy, as well as pertinent facts surrounding her case.

e.  Defendant's right arm was in a sling.  Her right leg had a support brace on it.  She indicated that her right leg still had blood clots and that her use of her right extremities was very limited.  As a result, defendant often needs the assistance of others to use the bathroom, get dressed, and to take care of basic functions.  Defendant does not drive and needs assistance if she leaves her residence.

f.  Defendant is living in an assisted living facility with 24 hour assistance.  Defendant made a point of telling counsel and Mr. Hopko that she had immediate access to help if she fell or needed help.

g.  Counsel and Mr. Hopko asked defendant a series of questions to attempt to gauge her memory.  Defendant exhibited poor recollection of many facts, including the names of her co-defendants.  Defendant also was, understandably, upset by her memory issues and, at least to counsel, appeared to cover her memory issues by answering questions in a very broad manner.

10. As a result of counsel's observations, counsel believes that defendant is not competent to proceed. Counsel believes that defendant does not properly understand the proceedings. Counsel believes that defendant is unable to assist in her own defense. Counsel also has serious concerns about the ability of defendant to sit through a multi-week trial due to her physical condition.

### Legal Basis

11. 18 U.S.C. § 4241(a) provides that "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant."

12. 18 U.S.C. § 4241(a) further states that "the court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

13. Based upon the representations of counsel, defendant asserts that there exists "reasonable cause" to believe that defendant is not competent to proceed and, as such, an evaluation of the defendant to determine his mental status is appropriate.

14. Criminal prosecution of an accused person while legally incompetent offends due

process.  *See United States v. Williams*, 113 F.3d 1155, 1159 (10th Cir. 1997). citing *Pate v. Robinson*, 383 U.S. 375, 385 (1996).

## The Position of the Government

15.  Defendant has contacted the government in order to ascertain their position as to this request.  The government is not opposed to this request.

## Prayer for Relief

WHEREFORE, defendant prays the Court grant his request and Order:

1.  A competency exam of defendant;

2.  A full physical exam of defendant to determine the extent of assistance required at trial if she is deemed competent to stand trial.

DATED at Denver, Colorado this, <u>15</u> day of July, 2014.

                                                                         <u>/s/Miller Leonard</u>
                                                                         Attorney for Defendant
                                                                         CO Reg. # 41029
                                                                         14143 Denver West Pkwy.
                                                                         Suite 100
                                                                         Golden, CO 80401
                                                                         303-907-9516
                                                                         [milller@themillerleonardlawfirm.com](mailto:milller@themillerleonardlawfirm.com)

## CERTIFICATE OF SERVICE

I hereby certify that this Motion was delivered, via the ECF system for the District of Colorado to all parties, this 15th day of July, 2014.

/s/ Miller Leonard